## WILLIS E. HOPE *vs.* HENRIETTA E. LONGLEY.

### MAY 25, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Johnson, JJ.

(1) *Negligence. Elevators.*

Plaintiff, who had volunteered to assist a janitor in employ of defendant, and who was familiar with the premises, entered front door of building, at five o'clock in the morning, and proceeded along a dark passage leading to the elevator, and, the door of the shaft being open, fell to the cellar. There was no evidence that any employee of defendant opened the door, after it had been locked the night before:—

*Held,* that defendant was not guilty of negligence in not keeping an employee at the elevator during the night to see that the door was kept closed, and that a nonsuit was properly granted on that ground.

(2) *Negligence. Evidence. Elevators.*

In an action based on alleged negligence of defendant, whereby plaintiff fell through the open, door of an elevator-shaft, evidence of previous accidents is properly excluded, where it appears that plaintiff knew the elevator sometimes crept up or down, and also because the open door was an obvious danger.

(3) *Negligence. Evidence. Elevators.*

In an action based on alleged negligence of defendant, whereby plaintiff fell through the open door of an elevator-shaft, evidence as to the capability of the door to be opened without a key is properly excluded, since it would lead to mere conjecture as to how the accident occurred, and if it was so opened the defendant was not liable by reason of such possibility. ·

(4) *Negligence. Res ipsa loquitur.*

The doctrine of *res ipsa loquitur* has no application to a door of an elevator accidentally left open, whereby plaintiff, falling through, is injured.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial, and denied.

(1)     DOUGLAS, C. J. The plaintiff was injured by falling into

an elevator-well in the defendant's building. He had volunteered to oversee and assist a janitor who had been employed, on his recommendation, to take the place temporarily of a permanent janitor who was sick. The plaintiff had been employed to make repairs to the elevator when needed, and was perfectly familiar with the premises and knew that the elevator was in the habit of creeping. At five o'clock on the morning of the accident the plaintiff went to the building, as he says, for the purpose of seeing if the janitor was managing the boilers properly. He entered the front door and proceeded along a narrow dark passage leading to the elevator, and, the door of the elevator-pit being open and the elevator being at the top of the building, he fell about eight or nine feet to the cellar. The last person who used the elevator before the accident, so far as appears from the evidence, was the plaintiff's witness Deslauries, who brought the elevator to the lower floor at eight o'clock the night before, closed and locked the door, and left the building.

The proximate cause of the accident was plainly the fact that the door was open. There is no evidence whatever that any employee of the defendant opened the door after it had been locked the night before. We can not consider that the defendant was guilty of negligence in not keeping a servant at the elevator during the night to see that the door was kept closed, and the nonsuit was properly granted upon that ground.

(2)　The evidence offered of previous accidents was properly excluded, as the plaintiff testified that he knew the elevator sometimes crept up or down, and the open door was an obvious danger, whether others had fallen or not. The door was made to be opened and shut, and the fact that it had been open at one time would constitute no notice to the defendant that it would be carelessly left open at another.

The evidence offered relating to safety devices was immaterial, as the door could have been opened when the elevator was not there notwithstanding such device; for the elevator could have crept while the door was closed.

(3)　The rejection of the evidence as to the capability of the door to be opened without a key was proper, as such evidence would.

lead to mere conjecture as to how the accident occurred. If it was so opened the defendant is not liable by reason of such possibility.

(4)    The plaintiff's counsel mistake the scope of the opinions of the court in *Ellis* v. *Waldron,* 19 R. I. 369, and *Reynolds* v. *Narra. Elec. Lighting Co.* 26 R. I. 457. A door is not a piece of machinery whose complicated arrangements are known to the makers and presumably to the operator and not to the general public, but an ordinary device which has no concealed functions not obvious to all persons who live in houses. The doctrine of *res ipsa loquitur* has no application to a door accidentally left open.

The plaintiff's petition for a new trial is denied, and the cause is remitted to the Superior Court for judgment.

*Littlefield and Barrows,* for plaintiff.

*Vincent, Boss and Barnefield,* for defendant.